UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARTURO BELTRAN-GARCIA, Petitioner, v. ACTING OR CURRENT WARDEN, FACILITY ADMINISTRATOR GEO GROUP INC. et al., Respondent. | Case No. 5:26-cv-03667-SSS-MAR<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, the Report and Recommendation of the United States Magistrate Judge, and the objections filed.

In this matter involving immigration detention, the Report recommends that Petitioner be afforded an individualized bond hearing or released from custody. [Dkt. 18]. Petitioner's objections to the Report do not merit a different result.

Petitioner's only objection is that the appropriate remedy is immediate release rather than a bond hearing. [Dkt. 20 at 1-3]. The Court disagrees that immediate release is the appropriate remedy here. Habeas corpus is an "adaptable remedy," the "precise application and scope" of which changes "depending upon the circumstances." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008). The circumstances here

show that Petitioner was arrested by immigration authorities two days after his arrest in March 2026 for "Assault W/Deadly Weapon, not firearm" and "Obstruct/Resist Executive Officer w/ Force or Fear." [Dkt. 18 at 6; Dkt. 1 at 22]. One month earlier, in February 2026, Petitioner was arrested for "Possession of a Controlled Substance," "Display Immigration Firearm in Public," and "Manufacture/Sale/Possess Nunchaku." [Dkt. 1 at 22]. The charges remain pending. [*Id.*]. The Court agrees with the Report that the pending charges qualify as changed circumstances. [Dkt. 18 at 6]. "Because the Court concludes that immigration authorities had a lawful basis to take Petitioner into custody, the Court declines to recommend immediate release." [*Id.* (citing *Reyes v. Hermosillo*, 2026 WL 507678, at *4-*5 (W.D. Wash. Feb. 24, 2026) (drawing a "key difference" between Petitioners who should be immediately released and a Petitioner who should receive a bond hearing because she was arrested and charged with a criminal offense for which charges are still pending)].

The Court accepts the findings and recommendation of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that judgment be entered **GRANTING** the Petition, in part as follows. Respondents are **ORDERED** to provide **Jose Arturo Beltran-Garcia (A# 246-058-680)** ("Petitioner") with an individualized bond hearing before a neutral Immigration Judge no later than November 12, 2026, or release Petitioner if such hearing is not timely provided (except that if Petitioner requests a delay, then the hearing may be provided beyond the deadline and Respondents shall grant any reasonable request for delay). At the bond hearing, the Government must bear the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community (the Immigration Judge must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard).

Respondents are ordered to file a notice of compliance within three days of the bond hearing occurring.

Dated: November 10, 2026

SUNSHINE SUZANNE SYKES
United States District Judge